**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

ANTONIO STRONG,                                                                               PLAINTIFF
ADC #155231

v.                                           5:13CV00141-KGB-JJV

L. BOSTON; *et. al.*                                                                        DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following partial recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form

1

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

## I.   INTRODUCTION

Antonio Strong ("Plaintiff"), an inmate of the Arkansas Department of Corrections ("ADC"), filed this *pro se* action, pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Plaintiff alleges that Defendants were deliberately indifferent to his serious medical needs (Doc. No. 2 at 4).  The Court has tried, unsuccessfully, to serve Defendants Boston and Randell (Doc. No. 20, 21, 25). Plaintiff is unable to provide alternative addresses at which these defendants might be served (Doc No. 29). Accordingly, the Court finds it appropriate to dismiss Defendants Boston and Randell from this action without prejudice.

## II.   FACTS

On August 8, 2013, the Court found service appropriate for all Defendants (Doc. No. 9).  On August 26, 2013, Attorney Burt Newell entered a Notice of Appearance on behalf of Defendants Adams and Boston (Doc. No. 13). On August 29, 2013, Mr. Newell filed a Motion to Withdraw his Notice of Appearance and Answer for Nurse Boston.  He indicated a misunderstanding had occurred and he had never spoken to Defendant Boston nor had she been served (Doc. No. 15).  Mr. Newell also provided Defendant Boston's last known address (*Id.*) and the Motion was granted (Doc. No.

2

16).  A second summons was returned unexecuted by the U.S. Postal Service and marked "Return to Sender - Unclaimed" on October 18, 2013 (Doc. No. 25).[1]

One attempt to serve Defendant Randell during this time period also proved fruitless (Doc. No. 21). The summons was returned unexecuted and marked "Refused/Return to Sender."  On October 31, 2013, the Court entered an Order directing Plaintiff to provide current addresses at which Defendants Boston and Randell could be served within thirty days (Doc. No. 27). Plaintiff was unable to do so (Doc. No. 29).

## III.    ANALYSIS

Federal Rule of Civil Procedure 4(m) provides that if a defendant is not served within 120 days after the filing of the complaint, the Court, on motion or on its own after notice to the plaintiff, must dismiss the action without prejudice against that defendant. In excess of 120 days have passed since Plaintiff filed this action and Defendants Boston and Randell have not been served. Notice was given to Plaintiff on October 31, 2013 (Doc. No. 27).  Accordingly, the Court recommends dismissal of Defendants Boston and Randell without prejudice.

## IV.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED THAT:

1.      Defendants Boston and Randell be DISMISSED without prejudice from this cause of action.

2.      The Court should certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this recommendation and the accompanying Judgment would not be taken in good faith.

---

[1]The first attempt to serve Nurse Boston at the W. C. Brassell Detention Center was returned unexecuted, and marked "Refused/Ret to Sender" on September 10, 2013 (Doc. No. 20).

DATED this 5th day of May, 2014.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE